1  McGREGOR W. SCOTT
   United States Attorney
2  JESSICA A. MASSEY
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                      IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO. 1:19-CR-00152-DAD-BAM

12                        Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                              TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                              AND ORDER

14  ANTONIO OCHOA-MEJIA,
       aka Sergio Lopez Mendoza,
15     aka Jose Moreno,                       DATE: May 11, 2020
       aka Francisco Ramon Carrillo Arrendondo,  TIME: 1:00p.m.
16  RAMON ORTEGA, and                         COURT: Hon. Barbara A. McAuliffe
    JORGE ARMANDO GONZALEZ
17  MARTINEZ,

18                        Defendants.

19

20          This case is set for status conference on May 11, 2020.  On April 17, 2020, this Court issued

21  General Order 617, which suspends all jury trials in the Eastern District of California scheduled to

22  commence before June 15, 2020, and allows judges to continue all criminal matters to a date after June

23  1.  This and previous General Orders were entered to address public health concerns related to COVID-

24  19.

25          Although the General Orders address the district-wide health concern, the Supreme Court has

26  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

27  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

28  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS
AND PROPOSED ORDER CONTINUING STATUS
CONFERENCE

1    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

2    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

4    or in writing").

5         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

7    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

8    the ends of justice served by taking such action outweigh the best interest of the public and the

9    defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

10   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

11   ends of justice served by the granting of such continuance outweigh the best interests of the public and

12   the defendant in a speedy trial." *Id.*

13        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

14   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

15   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

16   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

17   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

18   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

19   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

20   September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a

21   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

22        In light of the societal context created by the foregoing, this Court should consider the following

23   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

24   justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

25   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

26

27        [1] The parties note that General Order 612 acknowledges that a judge may make "additional
     findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18,
28   2020).

                                                           2
     STIPULATION REGARDING EXCLUDABLE TIME
     PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS
     AND PROPOSED ORDER CONTINUING STATUS
     CONFERENCE

1    pretrial continuance must be "specifically limited in time").

2                                            **STIPULATION**

3         Plaintiff United States of America, by and through its counsel of record, and defendants, by and

4    through defendants' counsel of record, hereby stipulate as follows:

5         1.       By previous order, this matter was set for status on May 11, 2020.

6         2.       By this stipulation, defendant now moves to continue the status conference until August

7    24, 2020, and to exclude time between May 11, 2020, and August 24, 2020, under Local Code T4.

8         3.       The parties agree and stipulate, and request that the Court find the following:

9              a)       The government has represented that the discovery associated with this case has

10   been produced to counsel.

11             b)       Counsel for the defendants desire additional time to consult with their clients

12   about a possible resolution to this matter and to otherwise prepare for trial.

13             c)       Counsel for the defendants believe that failure to grant the above-requested

14   continuance would deny them the reasonable time necessary for effective preparation, taking into

15   account the exercise of due diligence.

16             d)       The government does not object to the continuance.

17             e)       In addition to the public health concerns cited by General Order 617, and

18   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

19   this case because counsel or other relevant individuals have been encouraged to telework and

20   minimize personal contact to the greatest extent possible. It will be difficult to avoid personal

21   contact should the hearing proceed.

22             f)       Based on the above-stated findings, the ends of justice served by continuing the

23   case as requested outweigh the interest of the public and the defendant in a trial within the

24   original date prescribed by the Speedy Trial Act.

25             g)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

26   et seq., within which trial must commence, the time period of May 11, 2020 to August 24, 2020,

27   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

28   because it results from a continuance granted by the Court at defendant's request on the basis of

3

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  April 30, 2020                              McGREGOR W. SCOTT
                                                    United States Attorney


                                                    /s/ JESSICA A. MASSEY
                                                    JESSICA A. MASSEY
                                                    Assistant United States Attorney

Dated:  April 30, 2020                              /s/ E. MARSHALL HODGKINS III
                                                    E. MARSHALL HODGKINS III
                                                    Counsel for Defendant
                                                    ANTONIO OCHOA-MEJIA


Dated:  April 30, 2020                              /s/ ANNETTE T. SMURR
                                                    ANNETTE T. SMURR
                                                    Counsel for Defendant
                                                    RAMON ORTEGA
Dated:  April 30, 2020                              /s/ MARK A. BROUGHTON
                                                    MARK A. BROUGHTON
                                                    Counsel for Defendant
                                                    JORGE ARMANDO GONZALEZ MARTINEZ

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS
AND PROPOSED ORDER CONTINUING STATUS
CONFERENCE

## **ORDER**

IT IS SO ORDERED that the Status Conference is continued from May 11, 2020 to **August 24, 2020 at 1:00 PM before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **April 30, 2020**                    /s/ *Barbara A. McAuliffe*

                                        UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS
AND PROPOSED ORDER CONTINUING STATUS
CONFERENCE