MCGREGOR W. SCOTT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO OCHOA-MEJIA,<br>  aka Sergio Lopez Mendoza,<br>  aka Jose Moreno,<br>  aka Francisco Ramon Carrillo Arrendondo,<br>RAMON ORTEGA, and<br>JORGE ARMANDO GONZALEZ MARTINEZ,<br><br>Defendants | CASE NO. 1:19-CR-00152-DAD-BAM<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>CURRENT DATE: January 13, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

## STATUS REPORT

Defendants Antonio Ochoa Mejia, Ramon Ortega, and Jorge Armando Gonzalez Martinez ("defendants") and the government seek to continue this matter. Mr. Mejia appeared on the criminal complaint on July 1, 2019 (Doc. 6) and was detained as a danger and flight risk on July 3, 2019. Doc. 14. Mr. Mejia was arraigned on the indictment on July 15, 2019. Doc. 22. Mr. Gonzalez Martinez appeared on the criminal complaint on July 9, 2019, and was released to a third party custodian. Docs. 16, 20. Mr. Gonzalez Martinez was arraigned on the indictment on July 12, 2019. Doc. 19. Mr. Ortega appeared on the indictment on August 8, 2019, and was detained as a danger and flight risk. Doc. 24.

Prior counsel for Mr. Mejia and Mr. Ortega were permitted to withdraw on August 24, 2020.

1  Docs. 45, 46.  Attorney Chavez filed a notice of appearance for Mr. Mejia on August 26, 2020.  Doc. 48.
2  The Court granted Attorney Wanerman's substitution of counsel for Mr. Ortega on August 28, 2020.
3  Doc. 52.  The government asserts that discovery has been provided to all counsel and plea offers have
4  been made to all defendants.

## STIPULATION

This case is set for status conference on January 13, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such

circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and the defendants, by and through their counsel of record Mr. Chavez, Mr. Wanerman, and Mr. Broughton, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 13, 2021.

2. By this stipulation, defendants now move to continue the status conference until February 10, 2021, and to exclude time between January 13, 2021, and February 10, 2021, under Local Code T4.

3. While the parties anticipate that the case may resolve without a trial, this is not yet a certainty. If defendants ultimately do not enter guilty pleas and decide to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

    a) The government asserts the discovery associated with this case includes reports, photographs, and numerous recordings; discovery has been provided to all counsel.

    b) The government has provided plea offers to all defendants through counsel.

    c) Counsel for the defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

and/or copy discovery for this matter, to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

   d) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e) The government does not object to the continuance.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 13, 2021 to February 10, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

| | |
|---|---|
| Dated: January 6, 2021 | McGREGOR W. SCOTT<br>United States Attorney |
| | /s/ JESSICA A. MASSEY<br>JESSICA A. MASSEY<br>Assistant United States Attorney |
| Dated:  January 6, 2021 | /s/ VICTOR CHAVEZ<br>VICTOR CHAVEZ<br>Counsel for Defendant<br>ANTONIO OCHOA-MEJIA |

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

Dated: January 6, 2021      /s/ BRIAN WANERMAN
         BRIAN WANERMAN
         Counsel for Defendant
         RAMON ORTEGA

Dated: January 6, 2021      /s/ MARK A. BROUGHTON
         MARK A. BROUGHTON
         Counsel for Defendant
         JORGE ARMANDO GONZALEZ MARTINEZ

**FINDINGS AND ORDER**

IT IS SO ORDERED that the hearing status conference in the above-entitled case shall be continued from January 13, 2021, to **February 10, 2021, at 1:00 p.m., before the Honorable Barbara A. McAuliffe,** for further status conference. The time period through and including February 10, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **January 7, 2021**         /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE
