PHILLIP A. TALBERT
Acting United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO OCHOA-MEJIA,<br>  aka Sergio Lopez Mendoza,<br>  aka Jose Moreno,<br>  aka Francisco Ramon Carrillo Arrendondo,<br>RAMON ORTEGA, and<br>JORGE ARMANDO GONZALEZ MARTINEZ,<br><br>Defendants | CASE NO. 1:19-CR-00152-DAD-BAM<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>CURRENT DATE: September 8, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

## STATUS REPORT

Defendants Antonio Ochoa Mejia and Jorge Armando Gonzalez Martinez ("defendants") and the government seek to continue this matter. Counsel for Ramon Ortega has not agreed to a continuance and, as of today's date, would like to keep Mr. Ortega's matter on calendar.

Mr. Mejia appeared on the criminal complaint on July 1, 2019 (Doc. 6) and was detained as a danger and flight risk on July 3, 2019. Doc. 14. Mr. Mejia was arraigned on the indictment on July 15, 2019. Doc. 22. Mr. Gonzalez Martinez appeared on the criminal complaint on July 9, 2019, and was released to a third party custodian. Docs. 16, 20. Mr. Gonzalez Martinez was arraigned on the indictment on July 12, 2019. Doc. 19. Mr. Ortega appeared on the indictment on August 8, 2019, and

was detained as a danger and flight risk.  Doc.24.  The government asserts that discovery has been provided to all counsel and plea offers have been made to all defendants.

**STIPULATION**

This case is set for status conference on September 8, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and the defendants ANTONIO OCHOA-MEJIA and JORGE ARMANDO GONZALEZ MARTINEZ, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on September 8, 2021.

2. By this stipulation, defendants now move to continue the status conference until November 10, 2021, and to exclude time between September 8, 2021, and November 10, 2021, under Local Code T4.

3. While the parties anticipate that the case may resolve without a trial, this is not yet a certainty. If defendants ultimately do not enter guilty pleas and decide to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

    a) The government asserts the discovery associated with this case includes reports, photographs, and numerous recordings; discovery has been provided to all counsel.

    b) The government has provided plea offers to all defendants through counsel.

    c) Counsel for the defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review and/or copy discovery for this matter, to discuss potential resolutions with their clients, to

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

prepare pretrial motions, and to otherwise prepare for trial.

d) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 8, 2021 to November 10, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 27, 2021  PHILLIP A. TALBERT
Acting United States Attorney

/s/ JESSICA A. MASSEY
JESSICA A. MASSEY
Assistant United States Attorney

Dated:  August 27, 2021  /s/ VICTOR CHAVEZ
VICTOR CHAVEZ
Counsel for Defendant
ANTONIO OCHOA-MEJIA

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

Dated: August 27, 2021               /s/ MARK A. BROUGHTON
                                                MARK A. BROUGHTON
                                                Counsel for Defendant
                                                JORGE ARMANDO GONZALEZ MARTINEZ

## ORDER

IT IS SO ORDERED that the status conference is continued from September 8, 2021, to **November 10, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **September 2, 2021**               /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE