UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:19-cr-00152-DAD |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT ANONTNIO OCHOA MEJIA'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) |
| ANTONIO OCHOA MEJIA, | |
| Defendant. | (Doc. No. 118) |

On January 29, 2024, defendant Antonio Ochoa Mejia filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines.[1] (Doc. No. 118.) On March 27, 2024, the government filed an opposition to that motion. (Doc. No. 120.) Because defendant Ochoa Mejia is not eligible for the relief he seeks, the court will deny the pending motion to reduce his sentence.[2]

---

[1] On February 2, 2024, the motion was referred to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 119.) The FDO did not file a notice indicating its intent to assume representation within the time provided by the order and thus the time for the filing of an opposition by the government commenced running. (*Id*.)

[2] On April 29, 2024 defendant filed a motion for clarification seeking a copy of the government's opposition brief. (Doc. No. 122.) Pursuant to the court's direction (Doc. No. 123) the government re-served a copy of its opposition by mail on defendant Mejia and filed a proof of that service with the court. (Doc. No. 124.) Defendant has not filed a reply or communicated with the court in any way since the re-service of the government's opposition.

1

**BACKGROUND**

On December 7, 2021, pursuant to a plea agreement, defendant entered a plea of guilty to Count One of an indictment charging him with conspiracy to distribute and possess with the intent to distribute at least 50 grams of actual methamphetamine or 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 18 U.S.C. §§ 846 and 841(a)(1). (Doc. Nos. 92, 93, 101 at 6.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 35 and his criminal history category as II (based on a finding of a criminal history score of 3), resulting in an advisory sentencing guidelines range calling for a term of imprisonment between 188 and 235 months. (Doc. No. 101 at 10, 12, 24.) However, at the sentencing hearing on May 17, 2022, the court varied significantly downward from the advisory sentencing guideline range and sentenced defendant to a 121-month term of imprisonment, along with a 36-month term of supervised release to follow (to become unsupervised if he were deported). (Doc. Nos. 116, 117.) The court entered judgment on May 20, 2022. (Doc. No. 117.)

In his *pro se* motion now pending before the court, defendant Mejia moves to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 118.) Defendant contends that he is eligible for a "two-level" reduction, presumably to his offense level calculation in determining the applicable advisory sentencing guideline range, but he does not specify whether he seeks relief pursuant to Part A or Part B of Amendment 821 and U.S. Sentencing Guidelines ("U.S.S.G.") § 4C1.1(a). (*Id.*) Those new provisions reduced the advisory sentencing guideline range for defendants either who received "status points" under U.S.S.G. § 4A1.1 because they committed their offense while under a criminal justice sentence or who had no criminal history points—so-called zero-point offenders.

For the reasons explained below, the court concludes that defendant is not eligible for relief under § 3582(c)(2), and his motion for a reduction of the sentence imposed will therefore be denied.

/////

/////

2

**ANALYSIS**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

As noted above, defendant Mejia asserts that he is eligible for a reduction of his sentence pursuant to § 3582 due to "recent amendments" to the U.S.S.G. (Doc. No. 118 at 1.)[3] While it is

---

[3] Defendant specifically disavows moving for compassionate release. (Doc. No. 118 at 2, 9.)

clear that defendant Mejia is basing his motion on Amendment 821 (*id.* at 3–9), he does not specify what part of that amendment he believes entitles him to the requested relief.  Rather, the bulk of defendant's pending motion is devoted to his review of the § 3553(a) sentencing factors as they apply to him and to his rehabilitation efforts since his incarceration.  (*Id.* at 9–15.)  In any event, as detailed in the government's opposition, defendant Mejia was neither a zero-point offender nor was he assessed status points at the time of his sentencing, and he is therefore ineligible for the requested relief under either Part A or Part B of Amendment 821.  (Doc. No. 120.)

        Part A of Amendment 821 decreased the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence.  However, the PSR in defendant Mejia's case does not reflect that he was under any criminal justice sentence when he committed the offense for which he was sentenced and he did not receive any status points at the time of his sentencing.  (Doc. No. 101 at 12–13.)  Accordingly, defendant is ineligible for an adjustment to his sentence under Part A of Amendment 821 and U.S.S.G. § 4A1.1(e).

        Part B of Amendment 821 and U.S.S.G. § 4C1.1(a) reduces the advisory sentencing guideline range for those who are determined to have no criminal history points—so-called zero-point offenders.  However, the PSR in defendant's case reflects that he had earned three criminal history points based upon his prior criminal record.  (Doc. No. 101 at 12.)  Defendant Mejia was therefore not a zero-point offender at the time of his sentencing, his motion fails at the first step of the inquiry, and he simply does not qualify for a two-level reduction in his offense level pursuant to U.S.S.G. § 4C1.1.  *See United States v. Morfin Villa*, 1:21-cr-00177-KJM-BAM, 2024 WL 3164041, at *2 (E.D. Cal. June 25, 2024 2024); *United States v. Aguilar*, No. 2:13-00296-KJM, 2024 WL 1521382, at *2 (E.D. Cal. Apr. 8, 2024).

/////

/////

/////

/////

Finally, the court notes that while defendant's efforts toward rehabilitation while incarcerated are to be lauded, those efforts do not support his motion for relief under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S.S.G. because he is ineligible for the requested relief.

**CONCLUSION**

For the reasons above, the court denies defendant's motion to reduce his sentence (Doc. No. 118) under 18 U.S.C. § 3582(c)(2). The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:  **August 12, 2024**              /s/ Dale A. Drozd
                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE